Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3790 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Shelly Pena vs. Novartis Pharmaceuticals Corp., et | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Gatch's Motion to Dismiss is GRANTED WITH PREJUDICE as to an interference with contract claim, and GRANTED WITHOUT PREJUDICE as to an interference with prospective economic advantage claim under Count V.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 14 2004 date docketed | 10 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 13 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

SHELLY PENA,

    Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORP.
and EARL GATCH,

    Defendants.

Case No. 04 C 3790

Hon. Harry D. Leinenweber

DOCKETED
OCT 1 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Shelly Pena was employed by Defendant Novartis Pharmaceuticals Corp. ("Novartis") as a sales representative from January 19, 2001 until her termination on June 2, 2003. Defendant Earl Gatch ("Gatch") was Plaintiff's supervisor at Novartis. As a result of her termination, Plaintiff filed a five-count Complaint against Novartis and Gatch, with Counts I though III against Novartis, and Counts IV and V against Gatch. Before the Court is Gatch's Motion to Dismiss Count V. For the reasons that follow, Gatch's motion to dismiss is **granted with prejudice** as to a potential tortious interference with contract claim, and **granted without prejudice** as to a potential interference with prospective economic advantage claim. Plaintiff may amend Count V of her Complaint to plead properly the tort of interference with prospective economic advantage if she so desires.



# I. LEGAL STANDARD

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., 62 F.3d 967, 972 (7th Cir. 1995). The district court shall only dismiss a complaint under Rule 12(b)(6) if it is beyond doubt that the plaintiff cannot prove any facts that would entitle him to relief. See id.

# II. DISCUSSION

In Count V, Plaintiff seeks compensatory and punitive damages against Gatch, but does not plead a specific cause of action. Count V, which is untitled, alleges that: (1) Plaintiff had an employment contract with Novartis; (2) as Plaintiff's supervisor, Gatch knew of the employment contract; (3) Gatch intentionally induced Novartis to breach the employment contract with Plaintiff; (4) Gatch influenced Novartis by "intentionally making false statements that Plaintiff falsified records"; (5) as a result, Novartis terminated Plaintiff; and (6) Plaintiff suffered economic loss and emotional distress.

Under Illinois law, employment relationships without a fixed duration are presumed to be terminable at will by either party. See Duldulao v. St. Mary of Nazareth Hosp. Center, 505 N.E.2d 314, 317 (Ill. 1987). The at-will presumption can be overcome if

parties demonstrate that they contracted otherwise. Id. at 318. Gatch initially contends that Plaintiff was an at-will employee of Novartis and did not have an employment contract. Because Plaintiff failed to attach a copy of her alleged employment contract to the pleadings, Gatch, citing Illinois law and case precedent, argues that Plaintiff is presumed to be an at-will employee. See 735 Ill. Comp. Stat. 5/2-606 (2004); Moskowitz v. City of Chicago, 1993 WL 478938 *9-10 (N.D. Ill. 1993); Miller-Calabrese v. Continental Grain Co., 1997 WL 392340 *7 (N.D. Ill. 1997).

This court, however, has declined to apply Illinois contract pleading rules to actions filed in federal court. In Mt. Hawley Ins. Co. v. Guardsmark, Inc., 2001 WL 766874 (N.D. Ill. 2001), defendant moved to dismiss plaintiff's breach of contract claim on the basis that the plaintiff had not attached the contract in question to the pleadings. In denying defendant's motion, the court noted that federal, rather than state law, should be applied to such "purely procedural things as pleading." Id. at *1. The court stated that when a plaintiff pleads the existence of a written contract in federal court, the plaintiff, "at his election, may set it forth verbatim in the complaint, attach a copy as an exhibit, or plead it according to its legal effect." Id. at *2. See also Arnold v. Janssen Pharmaceutica, Inc., 215 F.Supp.2d 951, 962 (N.D. Ill. 2002)(stating that unlike state courts, Federal

courts do not require that critical documents be attached to the complaint).

Here, Plaintiff did not attach a copy of the alleged employment contract to the pleadings and did not describe the terms of the employment contract in the Complaint. Consequently, Plaintiff has failed to satisfy even the more liberal federal pleading requirements because she has not either (1) attached the contract, (2) set forth the contract verbatim in the Complaint, or (3) plead the contract according to its legal effect. See Mt. Hawley Ins. Co., 2001 WL 766874 at *1. Thus, Plaintiff has failed to rebut the presumption that she was an at-will employee and the Court concludes as a matter of law that she was an at-will employee.

As discussed, Plaintiff's Count V does not specify a particular cause of action. In supporting memoranda, both parties have interpreted Count V as an action for tortious interference with a contractual relations. To establish this claim, plaintiff must show: (1) the existence of a valid contract with some other party; (2) defendant's knowledge of the contract; (3) an intentional and unjustified inducement of a breach of the contract that causes a subsequent breach of the contract by another; and (4) resulting damages to the plaintiff. See A-Abart Elec. Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1404 (7th Cir. 1992)(citations omitted).

By definition, at-will employment is terminable by either party. Accordingly, an at-will employee cannot state a claim for tortious interference with an employment contract. See, e.g., Prudential Ins. Co. v. Sipula, 776 F.2d 157, 162 (7th Cir. 1985); Accurso v. United Airlines, Inc., 109 F.Supp.2d 953, 962 (N.D. Ill. 2000). This court has previously held that inducement of the termination of an at-will employment contract constitutes, at most, interference with a prospective economic advantage, not interference with contractual relations. See, e.g., Prudential Ins. Co., 776 F.2d at 162. Thus, to the extent that Count V is based on the theory that Gatch tortiously interfered with her employment contract, it is **dismissed with prejudice.**

In her opposing memorandum, Plaintiff contends that Count V also asserts a cause of action for interference with a prospective economic advantage. Gatch does not address this theory in his supporting memoranda. To establish a claim for interference with a prospective economic advantage under Illinois law, a plaintiff must show: "(1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference." Fellhauer v. City of Geneva, 568 N.E.2d 870, 878 (Ill. 1991). Unlike the tort of

interference with an employment contract, at-will employees may assert a cause of action for interference with a prospective economic advantage. See id.; Prudential, 776 F.2d at 162-163; Mustafa v. Ill. Dept. of Public Aid, 1997 WL 194980 (N.D. Ill. 1997); Otterbacher v. Northwestern U., 838 F.Supp. 1256 (N.D. Ill. 1993).

Plaintiff has pled facts that, if true, could establish the elements of interference with prospective economic advantage. For instance, Plaintiff may have had a reasonable expectation of continued at-will employment by Novartis. Further, in Count V, Plaintiff asserted that Gatch knew of the business expectancy, that he intentionally and unjustifiably induced Novartis to fire Plaintiff by making false statements that Plaintiff falsified records, Novartis terminated Plaintiff, and that Plaintiff suffered damages in the form of lost wages/benefits and emotional distress.

In Sgouros v. Diamond Park Fine Jewelers, 1990 WL 119421, *6 (N.D. Ill. 1990), this court encountered a similar situation and granted plaintiff leave to amend the complaint to plead properly interference with a prospective economic advantage. In so holding, the court noted that the "court has a duty to examine the complaint to determine if the allegations provide for relief under any possible theory." Id. at *5 (citations omitted). Similarly, the Court concludes that it is appropriate in this case to grant Plaintiff leave to file an Amended Complaint which properly pleads

the tort of interference with prospective economic advantage as explained above. Accordingly, Gatch's motion to dismiss Count V on the theory of interference with prospective economic advantage is **granted without prejudice**. Plaintiff is given leave to file an Amended Complaint which properly pleads the tort of interference with prospective economic advantage under Count V.

### III. CONCLUSION

For the foregoing reasons, Gatch's Motion to Dismiss is **GRANTED WITH PREJUDICE** as to an interference with contract claim, and **GRANTED WITHOUT PREJUDICE** as to an interference with prospective economic advantage claim under Count V.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: October 13, 2004